

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

NOV 1 2 2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GAVIN EVANS, AN INDIVIDUAL, PLAINTIFF,
V.
THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, DEFENDANTS.

CASE NUMBER: 1:21-cv-05237
ASSIGNED JUDGE: Martha M. Pacold
DESIGNATED MAGISTRATE JUDGE: Maria Valdez

Defendant:
PingooPrints

## DEFENDANT'S ANSWER

I, the Defendant, answer the Complaint as follows in response to each numbered paragraph:

### JURISDICTION AND VENUE

1. Defendant has insufficient information to state whether the allegation is true or false.
2. Defendant denies the allegation that it conducts significant business in Illinois.
3. Defendant denies the allegation that it has sold any products infringing the Plaintiff's copyright in Illinois.

### INTRODUCTION

4. Defendant denies the allegation that it trades upon the Plaintiff's copyright.
5. Defendant does not dispute the Plaintiff's copyright registration no. VA-2-241-677
6. Defendant denies the allegation that it participated in creating numerous online stores to give the impression to consumers they are legitimate websites selling products manufactured or authorized by Gavin Evans.
7. Defendant denies the allegation that it shares numerous unique identifiers with other stores named as Defendants or has a relationship with them.
8. Defendant has insufficient information to state whether the allegation is true or false.

### THE PLAINTIFF

9. Defendant has insufficient information to state whether the allegation is true or false.
10. Defendant has insufficient information to state whether the allegation is true or false.
11. Defendant has insufficient information to state whether the allegation is true or false.
12. Defendant has insufficient information to state whether the allegation is true or false.
13. Defendant has insufficient information to state whether the allegation is true or false.
14. Defendant has insufficient information to state whether the allegation is true or false.
15. Defendant has insufficient information to state whether the allegation is true or false.
16. Defendant has insufficient information to state whether the allegation is true or false.
17. Defendant has insufficient information to state whether the allegation is true or false.
18. Defendant has insufficient information to state whether the allegation is true or false.
19. Defendant has insufficient information to state whether the allegation is true or false.
20. Defendant has insufficient information to state whether the allegation is true or false.

THE DEFENDANTS

21. Defendant denies the allegation that it resides in the People's Republic of China. Defendant denies the allegation that it has sold infringing David Bowie products in Illinois.

THE DEFENDANTS' UNLAWFUL CONDUCT

22. Defendant denies the allegation of intentional copying or infringement.
23. Defendant has insufficient information to state whether the allegation is true or false.
24. Defendant denies the allegation that it has designed an online store to appear to unknowing consumers as an authorized online retailer.
25. Defendant denies the allegation that it has deceived unknowing consumers by using the Gavin Evans name and titles of copyrighted works without authorization. Defendant denies using SEO or social media to affect search results.
26. Defendant denies the allegation of operating in a collective manner with other Defendants and operating as a collective enterprise.
27. Defendant denies the allegation of being part of a massive infringing operation.
28. Defendant denies the allegation of interrelated with other Defendants.
29. Defendant denies the allegation of operating multiple credit card accounts or third-party payment processor accounts.
30. Defendant denies the allegation it has knowingly and wilfully infringed the David Bowie copyright owned by Gavin Evans.
31. Defendant denies the allegation it has knowingly and wilfully infringed the David Bowie copyright owned by Gavin Evans. Defendant denies the allegation it has profited unjustly from such activities at the expense of Gavin Evans.

COUNT 1

COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

33. N/A
34. Defendant has insufficient information to state whether the allegation is true or false.
35. Defendant has insufficient information to state whether the allegation is true or false.
36. Defendant has insufficient information to state whether the allegation is true or false.
37. Defendant denies the allegation that the item it had listed for sale was one of the Gavin Evans copyrighted works or had a notice advising that the product was protected by the copyright laws of the United States.
38. Defendant denies the allegation it wrongfully created copies of the copyrighted work without the Plaintiff's consent.
39. Defendant denies the allegation that it infringed upon the Gavin Evans copyright by making derivative works by producing and distributing unauthorized reproductions of the Gavin Evans copyrights.
40. Defendant denies the allegation that it has sold infringing works of Plaintiff's copyright.
41. Defendant denies the allegation it has obtained profits as a direct result of copyright infringement.
42. Defendant has insufficient information to state whether the allegation is true or false.
43. Defendant denies the allegation that its conduct is causing great and irreparable injury that cannot be fully compensated or measured monetarily.

COUNT II

VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510, et seq.)

44. Defendant has insufficient information to state whether the allegation is true or false.
45. Defendant denies it has engaged in acts violating Illinois law.
46. Defendant denies the allegation it has acted in wilful violation of the Illinois Uniform Deceptive Trade Practices Act.
47. Defendant denies the allegation that its conduct has caused the Plaintiff to suffer damage to its reputation and goodwill.

SUMMARY OF RESPONSE

I ask the Court to:

Dismiss this complaint on the following basis:

Ref 2: The Defendant does not conduct significant business in Illinois.

Ref 3: No product that has allegedly violated copyright has been sold by the defendant to any consumer in Illinois.

Ref 10: The Plaintiff has submitted a selection of photographs that are allegedly the subject of the copyright infringement. The item allegedly infringing the copyright offered for sale by the Defendant is not included in this submission of photographs. The item offered for sale by the Defendant was an original piece of artwork loosely based upon, but significantly different to, one of the photographs. It would be classified as a transformative artwork and of fair use (_Cariou v. Prince_, 714 F.3d 694 (2d Cir. 2013).) It was obtained from an online art website where users upload original artwork. There was no copyright notification on this artwork and the artwork was offered free for commercial use.



Ref 26: The Defendant is not part of a massive collective enterprise operating out of China, it is a small, independent seller operating solely on the Amazon marketplace.

Furthermore, I ask the Court to:

**Dismiss the complaint for lack of personal jurisdiction over the defendant.**

> The Defendant is based in the UK and no connection with, or presence in, the district of Illinois in which this case has been filed and that the Court has no legal authority to hear the Plaintiff's case against the Defendant.

**Dismiss the complaint for failure to join an indispensable party under Rule 19.**

> The Plaintiff failed to sue someone who must be included in the lawsuit before the Court can decide the issues raised in the complaint. There are numerous parties and sellers not named in the complaint who sell both the products owned by Gavin Evans copyright and also the products similar to the item the Defendant offered for sale which is argued not to be under the copyright of Gavin Evans.

For example:

Seller: Limeng2021

https://www.ebay.com/itm/373656212452



https://www.ebay.com/itm/234169146632

Seller: Elg-print



https://www.ebay.com/itm/124642952737

Seller: Noname_UK



https://www.ebay.com/itm/192458733816

Seller: Canvasart2019



I ask the Court to:

    Instruct the Plaintiff to immediately withdraw its complaint against the Defendant with Amazon.com

COUNTERCLAIM

The false and incorrect allegations by the Plaintiff against the Defendant have resulted in an interruption to the normal legal and legitimate business conducted by the Defendant on the Amazon.com e-commerce platform. As a result of the allegations by the Plaintiff, and the temporary restraining order, the Defendant has incurred a significant loss of trading revenue while the Defendant's seller account has been inactive due to restrictions placed upon the account by Amazon at the behest of the Plaintiff. As such, the Defendant requests the Court:

1) That the Defendant be awarded actual damages, statutory damages, and/or other available damages
2) The Plaintiff pay to the Defendant the equivalent loss of revenue from the interruption to the Defendant's selling activities on the Amazon account from the date the complaint to Amazon was lodged through to the date the account is operable again.
3) That Defendant be awarded its reasonable attorneys' fees and costs; and,
4) Any and all other relief that this Court deems just and proper.

DATED: November 4th, 2021

Respectfully submitted,

M Davies
7 South John Street
Merseyside Liverpool
L1 8BU
Email: pingooprintsusa@gmail.com
Tel: 07707546106

Signed:

MDavies

Acting as an individual pro se.

CERTIFICATE OF SERVICE

A copy of this document was served upon Plaintiff or upon Plaintiff's attorney via email to the following address on November 5th 2021:

attorney@amsullivanlaw.com

A copy of this document was sent via regular mail to the Clerk's office on November 5th 2021:

**Thomas G. Bruton**
Clerk of Court
Eastern Division
Dirksen U.S. Courthouse
219 S. Dearborn Street
Chicago, IL 60604