**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
1/10/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CM

GAVIN EVANS, AN INDIVIDUAL,
    PLAINTIFF,

V.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,
    DEFENDANTS.

CASE NO.: 1:21-cv-05237

# DEFENDANT'S ANSWER

I, Defendant named on Schedule A as dittopics, pro se, answer the Complaint as follows in response to each numbered paragraph:

## JURISDICTION AND VENUE

1. Defendant has insufficient information to state whether the allegation is true or false.
2. Defendant denies the allegation that it conducts significant business in Illinois.
3. Defendant denies the allegation that it has sold any products infringing on the Plaintiff's copyright in Illinois.

## INTRODUCTION

4. Defendant denies the allegation that it trade upon Plaintiff's valuable copyrights or is selling unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by Gavin Evans
5. Defendant does not dispute the Plaintiff's copyright registration
6. Defendant denies the allegation that it created numerous online marketplace accounts and online stores, intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling products manufactured by or authorized by Gavin Evans
7. Defendant denies the allegation that its' Internet Store shares numerous unique identifiers between Defendants or any attempts where made by Defendant to avoid liability by going to great lengths to conceal Defendant's identity
8. Defendant has insufficient information to state whether the allegation is true or false.

## THE PLAINTIFF

9. Defendant has insufficient information to state whether the allegation is true or false.
10. Defendant has insufficient information to state whether the allegation is true or false.
11. Defendant has insufficient information to state whether the allegation is true or false.
12. Defendant has insufficient information to state whether the allegation is true or false.

13. Defendant has insufficient information to state whether the allegation is true or false.
14. Defendant has insufficient information to state whether the allegation is true or false.
15. Defendant has insufficient information to state whether the allegation is true or false.
16. Defendant has insufficient information to state whether the allegation is true or false.
17. Defendant has insufficient information to state whether the allegation is true or false.
18. Defendant has insufficient information to state whether the allegation is true or false.
19. Defendant has insufficient information to state whether the allegation is true or false.
20. Defendant has insufficient information to state whether the allegation is true or false.


## THE DEFENDANTS

21. Defendant denies the allegation that it resides in the People's Republic of China; conduct business throughout the United States, including Illinois, and within this Judicial District; targets the United States, including Illinois, has sold or continues to sell Infringing David Bowie Products to consumers within the United States, Illinois, and this Judicial District


## THE DEFENDANTS' UNLAWFUL CONDUCT

22. Defendant denies the allegation the it is offering for sale, selling, or importing Infringing David Bowie Products to consumers in this Judicial District and throughout the United States.
23. Defendant has insufficient information to state whether the allegation is true or false.
24. Defendant denies the allegation that it has designed any Internet stores or product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine David Bowie Products; it has any control over what payment methods are accepted by the platform; it has any control over the banners or partner logos the platform displays.
25. Defendant denies the allegation that it tried to manipulate search engines into identifying the Defendant Internet Store as legitimate websites for Gavin Evans' David Bowie Products; has employed other unauthorized search engine optimization tactics or social media spamming.
26. Defendant denies the allegation that it operates in a collective and organized manner, monitors intellectual property infringement litigation alert websites or is in continuous and active concert or in communication with any other Defendants.
27. Defendant denies the allegation that it has gone to any lengths to conceal its' identity; has used multiple fictitious names and addresses; is part of or operates in any capacity within massive counterfeiting network.
28. Defendant denies the allegation that it has worked together or been in communication with other Defendants.
29. Defendant denies the allegation that it takes any actions to avoid any enforcement efforts.
30. Defendant denies the allegation that it has knowingly and willfully infringed the David Bowie Copyrights; sold infringing products into the United States and Illinois.
31. Defendant denies the allegation that it willfully and in bad faith: infringed upon and copied the David Bowie Copyrights; created, manufactured or sold Infringing Products and/or products which infringe upon the Gavin Evans Intellectual Property; used the Gavin Evans IP in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the David Bowie copyrights; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expenses of Gavin Evans.
32. Defendant denies the allegation that it has or will continue to cause irreparable harm to Gavin Evans.

2

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

33. Defendant answers and incorporates by reference each and every answer set forth in the preceding paragraphs as if fully set forth herein
34. Defendant has insufficient information to state whether the allegation is true or false.
35. Defendant has insufficient information to state whether the allegation is true or false.
36. Defendant has insufficient information to state whether the allegation is true or false.
37. Defendant denies the allegation that the item had any kind of copyright notice.
38. Defendant denies the allegation that it has accessed Plaintiff's work thought Plaintiff's normal business operations and created any copies of the work through those operations, engaged in, or continue to engage in acts of widespread infringement.
39. Defendant denies the allegation that it infringed Gavin Evans Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the Gavin Evans Copyrights, without permission of Gavin Evans.
40. Defendant denies the allegation that it has sold or continues to sell infringing derivative works of Plaintiff's Copyrights; has violated Plaintiff's exclusive rights of reproduction and distribution.
41. Defendant denies the allegation that it has obtained profits it would not have otherwise realized but for their infringement of Plaintiff's Copyrights.
42. Defendant has insufficient information to state whether the allegation is true or false.
43. Defendant denies the allegation that its conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

44. Defendant answers and incorporates by reference each and every answer set forth in the preceding paragraphs as if fully set forth herein
45. Defendant denies the allegation that it has engaged in acts violating Illinois law
46. Defendant denies the allegation that its acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act.
47. Defendant denies the allegation that Plaintiff has suffered damage to its reputation and goodwill.

### SUMMARY OF RESPONSE

I ask the Court to dismiss this complaint on the following basis:

1. Defendant, does not conduct any significant business in Illinois or in this Judicial District.
2. None of the acts or events of which Defendant stands accused, were undertaken in Illinois or in this Judicial District as Defendant is not located, nor have ever been in Illinois or in this Judicial District.
3. The platform Defendant is using and have contract with – Etsy – is based in Ireland (Etsy Ireland UC, a subsidiary of Etsy, Inc) as Defendant is located in Latvia.
4. Defendant has not sold any of the alleged infringing products to any one in state of Illinois or world wide.
5. By the time this Action was initiated any offers of sale where not available publicly.

3

6. Plaintiff asserts Copyright infringement claims against a series of sellers of items depicting images they believe to infringe upon their copyrights' on eBay, Amazon, Etsy, Wish, iOffer, and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), without distinguishing between the many different sellers, and incorrectly representing that all sellers were Chinese or foreign fly-by-night counterfeiters, which Defendant is not

7. Plaintiff requested and obtained a preliminary injunction ex parte freezing all Defendants' storefronts without notice and opportunity for a hearing for any of the Defendants.

8. Plaintiff's motion is suffused with hyperbole and ad hominem attacks that lump all Defendants together as one to tar all with the alleged misdeeds of others.

9. It appears that Plaintiff does not have, and never had, a basis for obtaining an injunction. Rather, Plaintiff, far from fearing irreparable harm, simply wanted to deal a well-timed and forceful blow to its competitors before they were given the opportunity to defend themselves and used the TRO as bargaining strategy for settlement agreement.

10. None of the Defendants was served with advance notice of the Injunction or afforded an opportunity for a hearing in this matter. Plaintiff did not satisfy the notice requirement of Fed. R. Civ. P. Rule 65(a)(1).

11. On the merits, Plaintiff failed to show the immediate irreparable harm required to justify the "extraordinary and drastic," remedy of a preliminary injunction

    a. While harm to goodwill can be an irreparable injury in certain circumstances, the "cases where courts have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers." *Kreg Therapeutics, Inc. v. VitalGo, Inc., 2011 WL 5325545, at *6 (N.D. Ill. Nov. 3, 2011)*;

    b. In this case, Plaintiff has not alleged—nor can they—that they will be unable to provide products to customers because of Defendant's conduct;

    c. Conclusory or speculative contentions are insufficient to demonstrate irreparable harm. Here, Plaintiff conclusively claimed a loss of sales, but proffered no evidence of specific instances of lost sales that are attributable to Defendant and Defendant's alleged infringement;

    d. Even assuming Plaintiff could prove that they were losing sales due to Defendant's conduct, the law is well-established that if "losses are purely financial, easily measured, and readily compensated, there is no showing of irreparable harm, and on this ground alone the preliminary injunction should be denied." *Mich. V. U.S. Army Corps of Eng'rs, No. 10-CV-4457, 2010 WL 5018559 at *24 (N.D. Ill. Dec. 2, 2010)*.

    e. In obtaining the preliminary injunction, it does not appear that the substantial harm to Defendant was even considered.

Furthermore, I ask the Court to consider Defendant's answer even though the time for answering the Complaint might have expired, as I did respond to Plaintiffs' attorneys via e-mail on 12th of November, 2021 asking to be dismissed from this Action. Unfortunately, due to not being based in United States I had limited access to further court documents related to this case and ensuing COVID-19 related country wide lockdowns, restrictions and personal matters caused me to miss the required deadlines for response, but since then I have dedicated my time to properly study and respond in timely manner.

## COUNTERCLAIM

Actions based on false, incorrect, suffused with hyperbole and ad hominem allegations taken by Plaintiff against the Defendant have resulted in Defendant's Etsy account being completely frozen preventing any sales of any products on this platform, even those not accused of infringement. Due to TRO Plaintiff has unfairly and unreasonably blind-sided Defendant by crippling its Etsy-dependent financial operations without due process, not considering that it takes time to build up an Etsy storefront, and every day Defendant's store is frozen is one more day where it drops in Etsy search rankings and brings no sales, even from products outside of this Action. As such, the Defendant requests the Court:

1. That the Defendant be awarded actual damages, statutory damages, and/or other available damages.
2. The Plaintiff immediately takes action to reinstate Defendants store-front on Etsy.
3. That Defendant be awarded its reasonable attorneys' fees and costs.
4. Any and all other relief that this Court deems just and proper.

DATED: January 10, 2022                           Respectfully submitted,

                                                  _/s/ dittopics_
                                                  dittopics
                                                  Defendant named on Schedule A
                                                  Pro Se Representative

                                                  No US based address
                                                  E-mail: info@historicpix.com

## PROOF OF DELIVERY

I sent a copy of this document to:

1.  Plaintiff or Plaintiff's attorney via email
    Email: attorney@amsullivanlaw.com
    On: January 11, 2022

2.  Clerk's office via email
    Email: temporary_e-filing@ilnd.uscourts.gov
    On: January 11, 2022

I certify that everything in the Proof of Delivery is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.